UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

JESSE DOYLE,                          )
                                      )
              Petitioner,             )
                                      )
       v.                             )      No. 2:20-cv-00677-JPH-DLP
                                      )
STATE OF INDIANA,                     )
                                      )
              Respondent.             )

**ORDER GRANTING MOTION TO DISMISS PETITION FOR A WRIT OF
HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY**

In 2012, Jesse Doyle was convicted in Dearborn County, Indiana of attempted child molesting, child molesting while armed with a deadly weapon, and felony intimidation with a deadly weapon. Mr. Doyle now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondent argues that the petition must be denied because Mr. Doyle's claims are procedurally defaulted. Dkt. 8.

For the reasons explained in this Order, the respondent's motion to dismiss, dkt. [8], is **granted,** and Mr. Doyle's petition for a writ of habeas corpus is **dismissed with prejudice**. In addition, the Court finds that a certificate of appealability should not issue.

## I. Background

After a jury trial, Mr. Doyle was found guilty of attempted child molesting, two counts of child molesting while armed with a deadly weapon, and felony intimidation with a deadly weapon. *Doyle v. State*, 992 N.E.2d 239, 2013 WL

4105536, *2 (Ind. Ct. App. 2013) (*Doyle I*).[1] At sentencing, the trial court merged his two child molesting convictions with the attempted child molesting conviction to remedy a double jeopardy violation. *Id.* at *1. On direct appeal, the Indiana Court of Appeals found that the trial court erred by merging those convictions rather than vacating them and further held that there was sufficient evidence to sustain Mr. Doyle's attempted child molesting conviction. *Id.* at *2–3.

Mr. Doyle then filed a petition for post-conviction relief, alleging that trial counsel was ineffective because he (1) did not challenge Juror 8; (2) did not move to suppress Mr. Doyle's statement to the police; (3) failed to make several objections; (4) conceded Mr. Doyle's guilt in opening argument; (5) did not depose the victim; (6) did not provide advance notice of an affirmative defense; and (7) failed to challenge the charging information. *Doyle v. State*, 146 N.E.3d 366, 2020 WL 2028263, *2, *4 (Ind. Ct. App. 2020) (*Doyle II*).[2] The post-conviction court denied his petition. *Id.* at *3.

Mr. Doyle, proceeding *pro se*, appealed. *Id.* at *4. The Indiana Court of Appeals held that Mr. had waived his claims of ineffective assistance of trial counsel because he failed to make a cogent argument. *Id.* (citing Ind. Appellate Rule 46(A)(8)(a) (stating that "argument must contain the contentions of the appellant on the issues presented, supported by cogent reasoning")). Despite the waiver, the court then proceeded to evaluate the merits of Mr. Doyle's ineffective assistance of counsel claims and concluded that Doyle failed to prove that his

---

[1] In the record at docket 8-6.
[2] In the record at docket 8-13.

trial counsel was ineffective. *Id.* at *4–6. Mr. Doyle filed a petition to transfer to the Indiana Supreme Court, dkt. 8-14, which was denied, dkt. 8-9 at 10.

On December 22, 2020, Mr. Doyle filed the habeas corpus petition in this case alleging the same grounds of ineffective assistance of trial counsel that were raised in his state post-conviction petition. Dkt. 1. The petition was bare bones, simply stating each allegation of ineffective assistance. *Id.* The respondent filed a motion to dismiss on February 8, 2021. Dkt. 8. Mr. Doyle then filed a more comprehensive petition for habeas corpus which elaborated on the same grounds of ineffective assistance of counsel. Dkt. 10. He did not move to amend his petition, but the Court can proceed to the merits because the grounds in both petitions are the same.

## II. Discussion

A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a) (1996). But "[m]erits review of a habeas claim is foreclosed if the relevant state court's disposition of the claim rests on a state law ground that is adequate and independent of the merits of the federal claim." *Triplett v. McDermott*, 996 F.3d 825, 829 (7th Cir. 2021). For the state law ground to serve as a procedural default and bar federal review, it must be "firmly established and regularly followed as of the time when the procedural default occurred." *Id.* (quoting *Richardson v. Lemke*, 745 F.3d 258, 271 (7th Cir. 2014)). The state ground can be substantive or procedural. *Johnson v. Thurmer*, 624 F.3d 786, 789 (7th Cir. 2010) (citing *Harris v. Reed*, 489 U.S. 255, 262 (1989)).

"The decision federal courts look to is the last reasoned state-court decision to decide the merits of the case." *Dassey v. Dittmann*, 877 F.3d 297, 302 (7th Cir. 2017) (en banc). On post-conviction review, the Indiana Court of Appeals concluded that Mr. Doyle waived his ineffective assistance of counsel claims because "although Doyle provides citations to cases, he does not apply them in a manner that develops and supports a reasoned argument." *Doyle II*, 2020 WL 20228263, at *4. Indiana Appellate Rule 46(A)(8) provides in relevant part: "The argument must contain the contentions of the appellant on the issues presented, supported by cogent reasoning. Each contention must be supported by citations to the authorities, statutes," and the relevant parts of the record. It is well established that failure to comply with Indiana Appellate Rule 46(A)(8) results in waiver of the argument on appeal. *See, e.g. Reed v. Reid*, 980 N.E.2d 277, 296–97 (Ind. 2012); *Burnell v. State*, 110 N.E. 3d 1167, 1171–72 (Ind Ct. App. 2018); *Kishpaugh v. Odegard*, 17 N.E.3d 363, 737 n.3 (Ind. Ct. App. 2014).

Mr. Doyle's claims are thus procedurally defaulted. The fact that the Indiana Court of Appeals addressed the merits of his ineffective assistance of counsel claims doesn't change the outcome; a state court's alternative holding on the merits does not nullify a procedural default. *Moore v. Bryant*, 295 F.3d 771, 775 (7th Cir. 2002); *Bivens v. Rednour*, 428 F. App'x 638, 642 (7th Cir. 2011). And the Indiana Court of Appeals expressly applied the waiver rule before addressing the merits of Mr. Doyle's ineffective assistance of counsel claims. *Bivens*, 428 F. App'x at 642 (citing *Harris*, 489 U.S. at 264 n. 10)).

A petitioner can overcome procedural default by showing either "cause and prejudice" to excuse the default or "that the court's failure to consider the defaulted claim would result in a fundamental miscarriage of justice." *McDowell v. Lemke*, 737 F.3d 476, 483 (7th Cir. 2013). But Mr. Doyle asserts neither, and neither is apparent from the record.

Because Mr. Doyle's claims are procedurally defaulted, the respondent's motion to dismiss, dkt. [8], is **GRANTED,** and the petition for a writ of habeas corpus is **DISMISSED with prejudice**. Judgment consistent with this Order shall now issue.

### III. Certificate of Appealability

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Instead, a state prisoner must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.'" 28 U.S.C. § 2253(c)(2). In deciding whether a certificate of appealability should issue for a claim decided on the merits, "the only question is whether the applicant has shown that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck*, 137 S. Ct. at 773 (citation and quotation marks omitted). Where a claim is resolved on procedural grounds, a certificate of appealability should issue only if reasonable jurists could disagree about the merits of the

underlying constitutional claim *and* about whether the procedural ruling was correct. *Flores-Ramirez v. Foster*, 811 F.3d 861, 865 (7th Cir. 2016) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts requires the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Jurists of reason would not disagree that Mr. Doyle has procedurally defaulted his claims, and nothing about the claims deserves encouragement to proceed further.

The Court therefore **DENIES** a certificate of appealability.

## IV. Conclusion

Because Doyle's ineffective assistance of counsel claims are procedurally defaulted, the respondent's motion to dismiss, dkt. [8], is **GRANTED**, and the petition is **DISMISSED with prejudice**.

Doyle's motion to accept brief, dkt. [9], is **GRANTED** to the extent that the Court reviewed his exhibit, the brief he submitted on direct appeal, in its consideration of the petition. Doyle's notice of inquiry, dkt. [13], construed as a motion for status update, is **DENIED** as moot.

**SO ORDERED.**

Date: 9/20/2021

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JESSE DOYLE
231546
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

Caroline Templeton
INDIANA ATTORNEY GENERAL
caroline.templeton@atg.in.gov